Dale M. Cendali
Joshua L. Simmons
Megan L. McKeown
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
dale.cendali@kirkland.com
joshua.simmons@kirkland.com
megan.mckeown@kirkland.com

*Attorneys for Plaintiff Take-Two Interactive Software, Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TAKE-TWO INTERACTIVE SOFTWARE, INC., | Case No.  1:19-cv-02371 |
| Plaintiff, | ECF Case |
| - against - | |
| JOHN DOES 1-10, | |
| Defendants. | |

## **COMPLAINT**

Plaintiff Take-Two Interactive Software, Inc. ("Take-Two"), by and through its attorneys, Kirkland & Ellis LLP, for its Complaint, hereby alleges against Defendants John Does 1-10 ("Defendants") as follows:

## **NATURE OF THE ACTION**

1.    This action seeks to prevent the irreparable harm that threatens Take-Two as a result of Defendants' willful infringement of Take-Two's valuable intellectual property rights in and to its world-famous video games and breach of Take-Two's End User License Agreement ("User Agreement") and to recover damages that Take-Two has suffered.  Specifically,

Defendants acting in concert with other individuals in the United States, Canada, and Europe created, distributed, and maintained a computer program called "Evolve" that alters Take-Two's *Grand Theft Auto* video game (the "Infringing Program").  The Infringing Program is a cheating and "griefing" tool that allows users to perform unauthorized actions in Take-Two's personal computer software program *Grand Theft Auto V* ("GTAV"), specifically in the game's multiplayer feature titled *Grand Theft Auto Online* ("*GTA Online*").  These unauthorized actions can be used to benefit the person who installed the Infringing Program or to the detriment of others playing *GTA Online* in the same multiplayer session.

2.      Upon information and belief, in a deliberate attempt to profit from Take-Two's valuable intellectual property, Defendants advertise and promote the Infringing Program through the website https://evolve.black/ and sell the Infringing Program to users who can then alter Take-Two's video games.  These alterations are intended to and do allow users to cheat while playing Take-Two's games, both to (a) create benefits for themselves within the game that they have not purchased or earned, or (b) to alter the games of other players in the same gaming session without authorization.  As a result, the Infringing Program disrupts the user experience that was designed by Take-Two resulting in further harm to Take-Two and its users.

3.      Upon information and belief, Defendants are aware that Take-Two has brought several lawsuits against individuals who have created similar infringing programs that alter Take-Two's video games, leading to Take-Two's understanding that Defendants will continue to infringe Take-Two's rights.

4.      Moreover, Defendants have attempted to conceal their infringement by creating, distributing, maintaining, and selling the Infringing Program pseudonymously.

5.      In sum, Defendants have knowingly, intentionally, and willfully infringed Take-Two's copyrights.  Defendants have profited by violating Take-Two's rights and User Agreement.

6.      Accordingly, due to Defendants' blatant and willful infringement, Take-Two has no choice but to file this lawsuit seeking injunctive relief and damages that it has suffered as a result of Defendants' direct and contributory copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, as well as for their breach of Take-Two's User Agreement and their tortious interference with Take-Two's contracts with other GTAV players.

## **PARTIES**

7.      Plaintiff Take-Two Interactive Software, Inc. is a Delaware corporation having its principal place of business in the State of New York and is qualified to do business and is doing business in the State of New York and in this judicial district.

8.      Defendants are individuals whose names and addresses are unknown to Take-Two at this time.  Defendants are known only to Take-Two by (i) the website operating at https://evolve.black/, (ii) their aliases, and (iii) for some Defendants, their e-mail addresses—under which Defendants create, distribute, maintain, and sell the Infringing Program.  For example, one Defendant uses the alias XeTrinityz and, upon information and belief, is also the owner of the ryanlopez990@gmail.com, xetrinityzmodz@gmail.com, and rghhack@gmail.com e-mail accounts.  Another Defendant uses the alias TheThing, and upon information and belief, is the owner of the macoonier@gmail.com e-mail account.  Another Defendant uses the alias Laquer Head, and upon information and belief, is the owner of the e-mail addresses p.vujnovich@gmail.com and skooterthegreat@gmail.com.  Another Defendant uses the alias Vaves, and upon information and belief, is the owner of the e-mail addresses vrackss@gmail.com, vavesvaves@gmail.com, vavesvavesgta@gmail.com,

vavesgta@gmail.com, yodahonda@gmx.net, elementalmodding123@gmail.com, lenhomann19@gmail.com, vavesyt@gmail.com, nello-m@web.de, yodahonda@gmx.net, ytvavesyt@gmail.com, and ytvavesyt@gmail.com.  Another Defendant uses the alias Armon, and upon information and belief, is the owner of the ipares1999@gmail.com, malte.delfs@t-online.de, c_ostertag@gmx.de, game-armon@web.de, and armon8484@gmail.com e-mail addresses.  Another Defendant uses the alias Gelox, and upon information and belief, is the owner of the mboerner1812@gmail.com, mboerner00@gmx.de, and gelox-official@gmx.de e-mail addresses.  Another Defendant uses the alias YellowSnowman, and upon information and belief, is the owner of the arlis.nutter61@gmail.com e-mail address.  Finally, another Defendant uses the alias CaptainLS, and upon information and belief, is the owner of the iandewar1990@gmail.com e-mail address.  Discovery will be required to identify each Defendant's name and address to permit Take-Two to amend this Complaint to allege the same and to serve the Defendants with process.

## JURISDICTION AND VENUE

9.      This action arises under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.*, and New York state law.  This Court has federal question subject matter jurisdiction over Take-Two's copyright claim pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court also has supplemental jurisdiction over Take-Two's state law claims pursuant to 28 U.S.C. § 1367(a) because those claims are substantially related to Take-Two's federal claims.

10.     This Court has personal jurisdiction over Defendants and venue is proper in this District pursuant to N.Y. C.P.L.R. § 302(a)(3), as well as 28 U.S.C. §§ 1391 and 1400.  Take-Two is located and is being harmed in this District.  Upon information and belief, Defendants reasonably should expect—and, upon information and belief, do expect—that their activities would have consequences in New York and this District.

11.     Upon information and belief, Defendants have derived substantial revenue from interstate or international commerce from their activities.  In particular, Defendants sell the Infringing Program to purchasers in exchange for Bitcoin vouchers, as well as through Selly and PayPal.  These sales are made to purchasers who reside in states across the United States and/or who reside in foreign nations abroad.

12.     Defendants' Infringing Program does not work unless Defendants first purchase and install a copy of GTAV.  As described further below, during the personal computer installation process, GTAV users are required to affirmatively accept the terms of Take-Two's User Agreement and the Terms & Conditions of Take-Two's Terms of Service ("Terms of Service") multiple times as a pre-requisite to accessing or playing GTAV.  Both of those agreements contain a forum selection provision providing New York as the sole and exclusive venue for litigation.  Those agreements also provide that the user consents to personal jurisdiction in New York.  Thus, pursuant to those agreements, personal jurisdiction and venue are proper because all GTAV users consent to such jurisdiction and venue.

13.     *First*, GTAV users are notified on the back of the GTAV box and/or in the digital purchase flow that "Software license terms [are] in game and at www.rockstargames.com/eula; online account terms [are] at www.rockstargames.com/socialclub.  Violation of EULA, Code of Conduct, or other policies may result in restriction or termination of access to game or online account," as shown below.

SINGLE USE SERIAL CODE REGISTRATION VIA INTERNET REQUIRED; REGISTRATION IS LIMITED TO ONE ROCKSTAR GAMES SOCIAL CLUB ACCOUNT (13+) PER SERIAL CODE; ONLY ONE PC LOG-IN ALLOWED PER SOCIAL CLUB ACCOUNT AT ANY TIME; SERIAL CODE(S) ARE NON-TRANSFERABLE ONCE USED; SOCIAL CLUB ACCOUNTS ARE NON-TRANSFERABLE. Software license terms in game and at rockstargames.com/eula; online account terms at rockstargames.com/socialclub. Violation of EULA, Code of Conduct, or other policies may result in restriction or termination of access to game or online account. For customer and technical support visit rockstargames.com/support. Non-transferable access to special features such as exclusive/unlockable/downloadable/online content, services, or functions, such as multiplayer services or bonus content, may require single-use serial code, additional fee, and/or online account registration (13+). Access to special features may require internet connection, may not be available to all users, and may, upon 30 days notice, be terminated, modified, or offered under different terms. Unauthorized copying, reverse engineering, transmission, public performance, rental, pay for play, or circumvention of copy protection is strictly prohibited.

14.    **_Second_**, GTAV users are notified of these policies and required to accept them during the software installation and account sign up process.  As shown below, the first screen that users see during the installation process puts users on notice that they must accept the User Agreement.



15.    The second screen users see during the installation process requires them to review and expressly accept the User Agreement.



16.     Take-Two's User Agreement contains a mandatory forum selection clause written in a standard font size and type in clear and unambiguous language.  In particular, the User Agreement includes, among other things, a paragraph that provides that the user agrees that "the sole and exclusive jurisdiction and venue for actions related to the subject matter hereof shall be the state and federal courts located in Licensor's principal corporate place of business (New York County, New York, U.S.A.).  You and licensor consent to the jurisdiction of such courts and agree that process may be served in the manner provided herein for giving of notices or otherwise as allowed by New York state or federal law."  Attached hereto as **Exhibit 1** is a true and correct copy of the User Agreement.

17.     ***Third***, users must sign up or sign in to the Rockstar Games Social Club before they can play GTAV on personal computer.  During the sign up process, users are informed their use of the game is subject to the User Agreement and Terms of Service, which they can review by clicking links, as shown below:



18.    When the user clicks "Continue," the user sees the Privacy Policy and must affirmatively click "I Accept" to continue, as shown below:



19.    The user then sees the Terms of Service policy and must affirmatively click "I Accept" to continue, as shown below:



20.     Take-Two's Terms of Service contains a mandatory forum selection clause written in a standard font size and type in clear and unambiguous language.  The Terms of Service includes, among other things, a paragraph that provides that the user "agree[s] to submit to the exclusive jurisdiction of the state and federal courts sitting in the Borough of Manhattan in the City of New York in the State of New York, and waive any jurisdictional, venue, or inconvenient forum objections to such courts."  Attached hereto as **Exhibit 2** is a true and correct copy of the Terms of Service.

21.     If the user is already registered as a Rockstar Games Social Club user and has signed in to a Social Club account during installation (rather than signing up for one), the user also will be required to accept the most recent policies within the game.  That screen provides links to Take-Two's User Agreement, Privacy Policy, and Terms of Service.  The user must affirmatively click a box confirming that the user has "read and accept[s] the [User Agreement], Privacy Policy, Terms [of Service], and Code of Conduct, including the data transfer provisions"

and must then click "Submit" before proceeding further.  A screenshot of how this screen appears to the user is shown below:



22.     In addition to affirmatively accepting the terms of Take-Two's User Agreement and Terms of Service numerous times before installing and playing GTAV, the user also receives notice of these policies each time they start the game.  GTAV reminds the user when GTAV is loading, among other things, that his use is "subject to license in game manual and at www.rockstargames.com/eula; online account terms at www.rockstargames.com/socialclub."  A screenshot of how this screen appears to the user is shown below:



23.    A second game-loading screen reminds the user that "Unauthorized copying . . . or circumvention of copy protection is strictly prohibited."  A screenshot of how the second game-loading screen appears to the user is shown below:



## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

**I.    Take-Two and Its Award-Winning Video Games**

24.    Take-Two is the developer and publisher of best-selling video games, including the *Red Dead, Max Payne*, and *Grand Theft Auto* series.  Take-Two's games are widely recognized as some of the most popular and innovative games available on the market, and Take-Two has earned numerous awards both in the United States and abroad as a result.

25.    Take-Two has invested vast resources, including time, effort, talent, creativity, and money, to produce its video games.  Its games have large followings of fans throughout the world, making Take-Two one of the world's most popular video game publishers.

26.    Take-Two owns the copyrights for each of its video games, including GTAV.

27.    GTAV has been registered with the Copyright Office.

28.    Attached hereto as **Exhibit 3**, and incorporated herein by reference, is a true and correct copy of the Certificate of Registration issued by the Copyright Office for GTAV.  Exhibit 3 reflects the date upon which Take-Two applied for certificate of registration and, where applicable, the date on which the certificate was issued and the registration number assigned.

29.    GTAV is a video game that was the product of Take-Two's skills, resources, and creative energies.  It is of great value to Take-Two.

30.    Take-Two is, and at all times material herein was, the sole owner and proprietor of all right, title, and interest in and to the copyrights in GTAV.  The copyrights in GTAV are presently valid and subsisting and were valid and subsisting at all times affecting the matters complained of herein.

31.    To play Take-Two's video games, including GTAV, users must agree to the terms of Take-Two's User Agreement.  Among the terms provided in Take-Two's User Agreement, users are (1) "not to . . . prepare derivative works based on, or otherwise modify the Software, in

whole or in part," (2) "not to . . . restrict or inhibit any other user from using and enjoying any online features of the Software," and (3) "not to . . . cheat (including but not limited to utilizing exploits or glitches) or utilize any unauthorized robot, spider, or other program in connection with any online features of the Software," as indicated in Exhibit 1.

32.     The permission that Take-Two grants users to play GTAV is expressly conditioned on these terms.  As a result, if a user breaches these conditions, his use of Take-Two's GTAV video game is no longer authorized, including the reproduction of the GTAV software in the user's computer or console.  In other words, continuing to play GTAV after breaching these provisions of Take-Two's User Agreement not only constitutes a breach of the User Agreement, but also copyright infringement.

## II.     Defendants and the Infringing Program

33.     Upon information and belief, Defendants—acting in concert with individuals in the United States, Canada, and Europe—created, distributed, and/or maintained the Infringing Program, which is a cheating and "griefing" tool for *GTA Online*.  *GTA Online* is played in the same virtual world as the main *GTAV* single player game, but up to 30 players can interact in the same space at the same time.

34.     The Infringing Program may be used to cheat for the benefit of the player using it or to "grief" another player by using the Infringing Program to interfere with the other player's gameplay experience.  The Infringing Program allows users to perform unauthorized actions in the game, including without limitation (i) causing players to teleport, (ii) creating game objects such as vehicles and cash bags, (iii) creating game "powers," such as causing the player to be invincible, (iv) the creation of virtual currency, (v) granting access to weapons and ammunition, and (vi) granting reputation points.  These actions can be used to change the game to benefit the user that installed the Infringing Program as well as **against** other players who do not have the

program installed, interfering with the other player's ability to experience the game as it was designed to be played.

35.     The Infringing Program allows users who installed it to perform unauthorized actions in *GTA Online*, including without limitation affecting in-game content and abilities of themselves and other players.  In other words, the use of the Infringing Program alters and creates derivative works based on GTAV without permission of Take-Two.   The Infringing Program is called a "mod menu" because it appears as a "menu" of options in the *GTA Online* game of the player that installed it.  The "menu" provides the player that installed the Infringing Program with various unauthorized actions that otherwise are not available in *GTA Online*.  A screenshot showing a few of these unauthorized features as they appear to a user with the Infringing Program installed are shown below.  As shown below, the Infringing Program offers an entire subcategory of actions titled "Griefing" that allows the person who installed the Infringing Program to interfere with the gameplay of others without their permission or the permission of Take-Two, including without limitation Kick from Vehicle, Set on Fire, Always Wanted, and Add Wanted Level:



36.     As a result, Defendants breached Take-Two's User Agreement conditions. Moreover, they have infringed Take-Two's copyrights in two ways: first by continuing to use GTAV after breaching those conditions, and second by distributing a piece of software that creates an unauthorized derivative work based on GTAV.

37.     Upon information and belief, Defendants know that they do not have Take-Two's permission to create, distribute, and/or maintain such a computer program.

38.     Upon information and belief, Defendants charge purchasers $25 to $50 per copy of the Infringing Program, depending on the version purchased.

## III.   The Harm to Take-Two

39.     As discussed above, the Infringing Program can be used to interfere with the gameplay of Take-Two's customers without their permission.  The Infringing Program harms the reputation of Take-Two, because Take-Two's business depends on maintaining a positive reputation among video game consumers to continue purchasing Take-Two video games,

continue playing *GTA Online,* and continue purchasing the digital currency items within its games.

40.     Defendants' willful infringement harms Take-Two's relationship with its customers and robs Take-Two of revenues.  The Infringing Program (1) devalues and causes substantial harm to the value of GTAV and (2) allows Defendants to profit commercially without paying Take-Two anything.  Thus, Take-Two has been damaged by Defendants' conduct in an amount to be determined according to proof, but at a minimum, $500,000.00.

41.     Moreover, upon information and belief, unless enjoined by this Court, Defendants intend to continue to infringe upon Take-Two's copyrights and otherwise to profit from Take-Two's video games.

42.     Accordingly, Take-Two has suffered irreparable damages.  Take-Two has no adequate remedy at law to redress all of the injuries that Defendants have caused and intend to cause by their conduct.  Take-Two will continue to suffer irreparable damage until Defendants' actions alleged above are enjoined by this Court.

**CLAIMS FOR RELIEF**

**COUNT I**
**Direct Copyright Infringement (17 U.S.C. § 101 *et seq.*)**

43.     Take-Two repeats and realleges each and every allegation above as if fully set forth herein.

44.     GTAV is an original, creative work and copyrightable subject matter under the laws of the United States.

45.     Take-Two is the owner of valid copyrights in GTAV, and the Copyright Office has issued a valid Certificate of Registration as indicated in Exhibit 3.

46.     Take-Two has complied in all respects with 17 U.S.C. §§ 101, *et seq.*, and has secured the exclusive rights and privileges in and to the copyrights in its video games and content.

47.     By their actions, alleged above, Defendants have infringed and, upon information and belief, will continue to infringe Take-Two's copyrights in and relating to GTAV by, *inter alia*, using the Infringing Program to create derivative works using GTAV without any authorization or other permission from Take-Two, as well as continuing to use GTAV having violated the conditions on such use.

48.     Defendants' infringement of Take-Two's copyrights has been deliberate, willful and in utter disregard of Take-Two's rights.

49.     Upon information and belief, as a direct and proximate result of its wrongful conduct, Defendants have obtained benefits, including, but not limited to, payments from users to which Defendants are not entitled.

50.     As a direct and proximate result of Defendants' wrongful conduct, Take-Two has been substantially and irreparably harmed in an amount not readily capable of determination. Unless restrained by this Court, Defendants will cause further irreparable injury to Take-Two.

51.     Take-Two is entitled to injunctive relief enjoining Defendants, and all persons acting in concert or participation with them, from engaging in any further infringement of Take-Two's copyrighted video games and content.

52.     Take-Two is further entitled to recover from Defendants the damages, including attorney's fees and costs, it has sustained and will sustain, and any gains, profits and advantages obtained by Defendants as a result of their acts of infringement as alleged above.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Take-Two,

but is at a minimum $500,000.00 and will be established according to proof at trial.  Take-Two

also is entitled to recover statutory damages for Defendants' willful infringement of its

copyrights.

## COUNT II
### Contributory Copyright Infringement (17 U.S.C. § 101 *et seq.*)

53.     Take-Two repeats and realleges each and every allegation above as if fully set

forth herein.

54.     GTAV is an original, creative work and copyrightable subject matter under the

laws of the United States.

55.     Take-Two is the owner of valid copyrights in GTAV, and the Register of

Copyrights has issued a valid Certificate of Registration as indicated in Exhibit 3.

56.     Take-Two has complied in all respects with 17 U.S.C. §§ 101, *et seq.*, and has

secured the exclusive rights and privileges in and to the copyrights in its video games and

content.

57.     By their actions, alleged above, Defendants have provided copies, or portions

thereof, of the Infringing Program to third parties.

58.     Those third parties, through their use of the Infringing Program, also infringe

Take-Two's copyrights by, *inter alia*, using the Infringing Program to create derivative works of

GTAV without any authorization or other permission from Take-Two, as well as continuing to

use GTAV after violating the conditions on such use.

59.     Defendants have knowledge of the infringement of these third parties and, in fact,

intentionally encouraged and induced such use.  Moreover, Defendants materially contributed to

the direct infringement by working in concert with others to create, distribute, and/or maintain

the Infringing Program necessary for the infringement to occur.

60.     Defendants also have knowledge of and materially contributed to the infringements of other individuals engaged in creating, distributing, and/or maintaining the Infringing Program.

61.     Defendants' contributory infringement of Take-Two's copyrights has been deliberate, willful and in utter disregard of Take-Two's rights.

62.     Upon information and belief, as a direct and proximate result of their wrongful conduct, Defendants have obtained benefits, including, but not limited to, payments from users to which Defendants are not entitled.

63.     As a direct and proximate result of Defendants' wrongful conduct, Take-Two has been substantially and irreparably harmed in an amount not readily capable of determination. Unless restrained by this Court, Defendants will cause further irreparable injury to Take-Two.

64.     Take-Two is entitled to injunctive relief enjoining Defendants, and all persons acting in concert or participation with them, from contributing to any further infringement of Take-Two's copyrighted video games and content.

65.     Take-Two is further entitled to recover from Defendants the damages, including attorney's fees and costs, it has sustained and will sustain, and any gains, profits and advantages obtained as a result of the acts of contributory infringement as alleged above.  At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Take-Two, and will be established according to proof at trial.  Take-Two also is entitled to recover statutory damages for Defendants' willful contributory infringement of its copyrights.

## COUNT III
### Breach of Contract

66.     Take-Two repeats and realleges each and every allegation above as if fully set forth herein.

67.     Take-Two's User Agreement is a valid and enforceable contract.  Among other

things, to play Take-Two's video games, users must affirmatively agree to abide by the User

Agreement.

68.     Take-Two has fully performed or tendered all performance required under the

User Agreement.

69.     Defendants have breached their obligations under the User Agreement by

(1) altering GTAV and creating derivative works based on it; (2) restricting and inhibiting others

from using and enjoying GTAV; and/or (3) cheating and using unauthorized programs in

connection with GTAV's online features.

70.     Take-Two is entitled to recover compensatory and consequential damages

resulting from Defendants' breach of the User Agreement.

### Count IV
### Tortious Interference with Contract

71.     Take-Two repeats and realleges each and every allegation above as if fully set

forth herein.

72.     As discussed above, Take-Two's users must affirmatively assent to Take-Two's

User Agreement before playing GTAV.  That agreement contains specific provisions that

prohibit, among other things, altering GTAV and cheating.

73.     Take-Two fulfilled all of its obligations pursuant to the User Agreement.

74.     As GTAV users, Defendants are aware of the User Agreement and its obligations

on those that play GTAV.

75.     Despite agreeing to the User Agreement, Defendants have induced, and upon

information and belief will continue to induce, other GTAV players to breach their contractual

responsibilities by using the Infringing Program for purposes expressly prohibited by the User Agreement.

76.     Defendants' actions in inducing these breaches of contract are intentional, illegal, and have been engaged in for the specific purpose of inducing the GTAV players using the Infringing Program to breach their agreements with Take-Two.

77.     As a proximate result of Defendants' tortious interference with contract, Take-Two has been damaged, and Defendant has been unjustly enriched, in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Take-Two respectfully requests judgment against Defendant as follows:

A.      Find that Defendants have infringed Take-Two's copyrights in GTAV directly and contributorily;

B.      Find a substantial likelihood that Defendants will continue to infringe Take-Two's intellectual property unless enjoined from doing so;

C.      Find that Defendants have breached the User Agreement;

D.      Find that Defendants have tortiously interfered with Take-Two's contracts with its other GTAV players;

E.      Issue a preliminary and permanent injunction enjoining Defendants and all persons, firms and corporations acting in concert with them, from (1) directly or indirectly infringing Take-Two's copyrights, including, but not limited to, (a) creating derivative works based upon any portion of Take-Two's video games, including GTAV, and (b) producing or distributing any computer programs that alter Take-Two's games, including without limitation the Infringing Program; (2)

violating Take-Two's User Agreement by, among other things, "prepar[ing] derivative works based on, or otherwise modify[ing] [Take-Two] Software, in whole or in part," "restrict[ing] or inhibit[ing] any other user from using and enjoying any online features of [Take-Two] Software," or "utiliz[ing] any unauthorized robot, spider, or other program in connection with any online features of the [Take-Two] Software"; (3) intentionally or tortiously interfering with Take-Two's contracts with its video game players by encouraging or inducing other players of Take-Two software, including GTAV, to breach their contractual responsibilities to Take-Two; (4) interfering with the gaming experience of other players through the use of a computer program that alters Take-Two Software; (5) operating or assisting any website designed to assist others in creating, developing, maintaining, or distributing any computer program that alters Take-Two software, including GTAV; and (6) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the foregoing activities.

F.    Order Defendants and all persons, firms and corporations acting in concert with them to permanently delete and destroy any copies of the Infringing Program and any other program that alters or modifies Take-Two software;

G.    Order Defendants to render a full and complete accounting to Take-Two for Defendants' profits, gains, advantages or the value of the business opportunities received from the foregoing acts of infringement and breach;

H.    Enter judgment for Take-Two against Defendants for all damages suffered by Take-Two and for any profits or gain by Defendants attributable to infringement

of Take-Two's intellectual property, breach of the User Agreement, and tortious interference with contract in amounts to be determined at trial;

I.      Enter judgment for Take-Two against Defendants for statutory damages based upon Defendants' willful acts of infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*;

J.      Award Take-Two costs and disbursement of this action, including reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505;

K.      Award Take-Two pre-judgment and post-judgment interest, to the fullest extent available, on the foregoing; and

L.      Grant such other, further and different relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Take-Two demands a trial by jury on all issues so triable in this action.

Dated:  New York, New York             KIRKLAND & ELLIS LLP
        March 15, 2019

                                       */s/ Dale M. Cendali*
                                       Dale M. Cendali
                                       Joshua L. Simmons
                                       Megan L. McKeown
                                       KIRKLAND & ELLIS LLP
                                       601 Lexington Avenue
                                       New York, New York 10022
                                       Telephone: (212) 446-4800
                                       Facsimile: (212) 446-4900
                                       dale.cendali@kirkland.com
                                       joshua.simmons@kirkland.com
                                       megan.mckeown@kirkland.com

                                       Attorneys for Plaintiff
                                       Take-Two Interactive Software, Inc.