**MEMO ENDORSED**

**KIRKLAND & ELLIS LLP**
AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, New York 10022

Dale Cendali, P.C.
To Call Writer Directly:
(212) 446-4846
dale.cendali@kirkland.com

(212) 446-4800

www.kirkland.com

Facsimile:
(212) 446-4900

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #_____
DATE FILED: 3/20/2019

March 18, 2019

**Via ECF**

Hon. Edgardo Ramos
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

The application is  X  granted
                   ___ denied

Edgardo Ramos, U.S.D.J
Dated: 3/20/2019
New York, New York

Re: *Take-Two Interactive Software, Inc. v. Does 1-10*, No. 1:19 Civ. 02371 (ER)(SN)

Dear Judge Ramos:

We represent Plaintiff Take-Two Interactive Software, Inc. ("Take-Two") in the above-referenced litigation. We write to request leave to serve the enclosed third party subpoenas prior to a Rule 26(f) conference to learn the identities of Doe Defendants 1–10 named in this action.

**Factual Background**

As background, Take-Two is the developer and publisher of best-selling video games, including *Grand Theft Auto V* ("GTAV") and its multiplayer feature *Grand Theft Auto Online* ("GTAO"). GTAV and GTAO are protected by Take-Two's copyrights, all of which are solely owned by Take-Two. Over the past few years, individuals have begun creating and selling for profit illegal and infringing programs called "mod menus," which are cheating and "griefing" tools that allow users to perform unauthorized actions in GTAV's multiplayer feature GTAO. In particular, these mod menus allow users to cheat while playing Take-Two's games, both to (a) create benefits for themselves within the game that they have not purchased or earned, or (b) to alter the games of other players in the same multiplayer gaming session without authorization.[1] As a result, these mod menus disrupt the user experience that was designed by Take-Two, resulting in harm to Take-Two and its users. In particular, for legitimate players who play by GTAO's rules, the gameplay experience is frustrated by those who exploit the cheating and griefing features of the mod menus against those legitimate players who do not use a mod menu to cheat. Thus, Take-Two has been forced to bring several lawsuits in the United States and around the world to stop these infringers from selling a commercial product that interferes

---

[1] For example, some of the unauthorized features and abilities offered by these mod menus include without limitation (i) causing players to teleport, (ii) creating game objects such as vehicles and cash bags, (iii) creating game "powers," such as causing the player to be invincible, (iv) the creation of virtual currency, (v) granting access to weapons and ammunition, and (vi) granting reputation points. These actions can be used to change the game for the user of the mod menu and other players who do not have the mod menu installed.

**KIRKLAND & ELLIS LLP**

Hon. Edgardo Ramos
March 18, 2019
Page 2

with the carefully orchestrated and balanced gameplay that Take-Two created for its players and to stop these infringers from free riding on Take-Two's intellectual property.[2] Moreover, such conduct has been found to warrant the issuance of a preliminary injunction. *See Take-Two Interactive Software, Inc. v. Zipperer*, No. 18 Civ. 2608, 2018 WL 4347796, at *11 (S.D.N.Y. Aug. 16, 2018) (granting Take-Two's motion for a preliminary injunction finding that "legitimate users of GTAV are harmed by [mod menus] that permit their users to disadvantage players who do not use the cheat programs").

The latest of these copycat mod menus is named "Evolve" (the "Infringing Program"). Like prior mod menus, the Infringing Program allows users to cheat and harm other players in GTAO. The Defendants in this action created, distributed, and/or maintained the Infringing Program. After Take-Two conducted investigations into these individuals, Take-Two identified the website Defendants are operating at https://evolve.black/ and Defendants' aliases and e-mail addresses. Take-Two, however, has not yet been able to identify the Defendants' full legal names or physical addresses. *See* Compl. ¶ 8 (Dkt. No. 1). Take-Two believes that information obtained in discovery from Cloudflare (the operator of the Infringing Program's website at https://evolve.black/), Selly and PayPal (which processed purchases and transactions related to the Infringing Program), and Google (which operates e-mail services for the defendants) will lead to the identification of each Defendant.

**<u>Good Cause Exists for the Court to Grant Leave to Serve Third Party Subpoenas</u>**

A party may seek expedited discovery before the Rule 26(f) conference when authorized by court order. Fed. R. Civ. P. 26(d)(1). In this District, courts apply "a flexible standard of reasonableness and good cause" when considering whether to grant such an order. *See e.g., Malibu Media LLC v. Doe*, No. 18 Civ. 3228, 2018 WL 5818099, at *1 (S.D.N.Y. Sept. 20, 2018). Courts routinely find good cause exists to issue a subpoena to discover a Doe defendant's identity where: (1) plaintiff makes a prima facie showing of copyright infringement, (2) the plaintiff's discovery request is specific, (3) there is an "absence of alternative means to obtain the subpoenaed information," (4) there is a "need for the subpoenaed information to advance the claim," and (5) defendants have a minimal expectation of privacy. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010); *see also Malibu Media, LLC v. John Does 1–11*, No. 12 Civ. 3810, 2013 WL 3732839, at *5 (S.D.N.Y. July 16, 2013) (Ramos, J.); *see also Sony Music Entm't Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004); *John Wiley & Sons, Inc. v. Doe Nos. 1–30*, 284 F.R.D. 185, 191 (S.D.N.Y. 2012). For the reasons explained below, each of these factors weigh in favor of granting Take-Two's request.

---

[2]  *See, e.g., Take-Two Interactive Software, Inc. v. Zipperer*, No. 18 Civ. 2608 (S.D.N.Y.); *Take-Two Interactive Software, Inc. v. Cameron*, No. 18 Civ. 02981 (S.D.N.Y.); *Take-Two Interactive Software, Inc. v. Perez*, No. 18 Civ. 07658 (S.D.N.Y.); *Take-Two Interactive Software, Inc. v. James*, Claim No. IL-2018-000094, High Court, Chancery Division; *Take-Two Interactive Software, Inc. v. Anderson* (Federal Court of Australia, No. NSD1751/2018); *Take-Two Interactive Software, Inc. v. Daldal*, Landgericht Hamburg (District Court Hamburg), 312 O 198/18.

**KIRKLAND & ELLIS LLP**

Hon. Edgardo Ramos
March 18, 2019
Page 3

*First*, Take-Two has alleged a prima facie case of copyright infringement. "A claim of copyright infringement . . . requires proof that (1) the plaintiff had a valid copyright in the work allegedly infringed and (2) the defendant infringed the plaintiff's copyright by violating one of the exclusive rights that 17 U.S.C. § 106 bestows upon the copyright holder." *Island Software & Comput. v. Microsoft*, 413 F.3d 257, 260 (2d Cir. 2005). Take-Two's Complaint satisfies both of these prongs. As to the first prong, Take-Two alleged that it "owns the copyright for each of its video games, including GTAV" and that "GTAV has been registered with the Copyright Office." Compl. ¶¶ 26–27. Moreover, as Take-Two's registration was issued within five years of GTAV's publication, *see* Compl. Ex. 3, it is "prima facie evidence of both valid ownership of copyright and originality," raising a presumption of validity. *Associated Press v. Meltwater U.S. Holdings, Inc.*, 931 F. Supp. 2d 537, 549 (S.D.N.Y. 2013); *see also* 17 U.S.C. § 410(c). As to the second prong, the Complaint alleges that "Defendants . . . created . . . the Infringing Program," which "alters and creates derivative works based on GTAV." Compl. ¶¶ 33, 35. Moreover, in *Zipperer*, mod menus that similarly "created an alternative version of GTAV which is based on Take-Two's GTAV but with added elements that allow its users to use features not available in the original version of GTAV," were held to "likely constitute[] a derivative work which Take-Two has the exclusive right to create." 2018 WL 4347796, at *8. Thus, Take-Two has alleged a prima facie case of copyright infringement.

*Second*, as shown by the enclosed draft subpoenas, Exs. A–D, Take-Two's discovery request is specific because it "seeks concrete and narrow information: [*i.e.*] the name and address of the subscriber." *John Wiley*, 284 F.R.D. at 190; *see also Malibu Media*, 2013 WL 3732839, at *5 (pre-Rule 26(f) conference discovery request adequately specific where it sought "the name and address of Defendant").

*Third and fourth*, there is an absence of alternative means to obtain the subpoenaed information because the Defendants distribute the Infringing Program using aliases. Because of the Defendants' anonymity, Take-Two "cannot determine the identity and contact information for each of the defendants without obtaining [such] information from the ISPs by subpoena." *John Wiley & Sons, Inc.*, 284 F.R.D. at 190. Moreover, Take-Two needs this information to advance its claims because "without this information, [Take-Two] will be unable to serve process." *Id.*

*Finally*, this Court has held that "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." *Malibu Media*, 2013 WL 3732839, at *6.

Accordingly, as each factor weighs in favor of Take-Two, Take-Two thus respectfully requests that the Court grant Take-Two's request to issue subpoenas to Cloudflare, Selly, PayPal, and Google, seeking the names and addresses of Defendants.

Sincerely,

Dale Cendali

Dale Cendali, P.C.